**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 12 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANDREA DEE HOLLOWAY,

      Plaintiff-Appellant,

      v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

      Defendant-Appellee.

No.   15-35908

D.C. No. 6:14-cv-01657-TC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Thomas M. Coffin, Magistrate Judge, Presiding

Submitted March 8, 2018[**]
Portland, Oregon

Before: FISHER, N.R. SMITH and HURWITZ, Circuit Judges.

Andrea Holloway appeals the district court's judgment affirming the

decision of the Commissioner of Social Security denying her applications for

disability insurance benefits and supplemental security income. We have

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo, *see Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010), and we affirm.

1.  The ALJ properly excluded conversion disorder or psychogenic dystonia. No "medically acceptable clinical and laboratory diagnostic techniques" resulted in a finding or diagnosis of this impairment.  *See Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) (emphasis omitted); 42 U.S.C. § 423(d)(3).

2.  The ALJ provided specific, clear and convincing reasons for discrediting Holloway's testimony regarding the severity of her symptoms.  *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  Even assuming the ALJ erred by considering Holloway's criminal history, *see* SSR 16-3p, 81 Fed. Reg. 14166, 14171, any error was harmless.

3.  The ALJ provided specific, legitimate reasons that were supported by substantial evidence for discrediting Dr. Dieter's opinion.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible.") (citation omitted).

4.  The ALJ provided germane reasons for discrediting the testimony of Thomas Miller, Holloway's boyfriend, because his testimony was inconsistent with the medical record.  *See Bayliss*, 427 F.3d at 1218.

5.  The ALJ's finding that jobs exist in significant numbers that Holloway could perform was supported by substantial evidence.  *See Smolen*, 80 F.3d at 1279.  The ALJ was permitted to rely on the job testimony offered by the vocational expert.  *See Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).[1]

**AFFIRMED.**

---

[1] In light of our disposition, we need not address Holloway's remaining contentions regarding her 2008 applications.